**Melvin Avery WARREN, Sr., Appellant,**

v.

**DEPARTMENT OF VETERANS AFFAIRS; Anthony J. Principi, Secretary of Veterans Affairs, Appellees.**

**No. 03–3506.**

United States Court of Appeals, Eighth Circuit.

Submitted June 1, 2004.

Decided June 7, 2004.

Melvin Avery Warren, Sr., St. Paul, MN, pro se.

Lonnie F. Bryan, Asst. U.S. Attorney, U.S. Attorney's Office, Minneapolis, MN, for Defendants–Appellees.

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Melvin Avery Warren, Sr., a former employee of the Department of Veterans Affairs ("VA"), brought an action claiming that the VA discriminated against him when it fired him during his probationary period. Mr. Warren moved for entry of default, and the VA moved for dismissal or summary judgment. The district court[1] held that Mr. Warren's action was barred because he had not timely exhausted his administrative remedies, and that he was not entitled to default judgment. Mr. Warren appeals.

Having carefully reviewed the record and the parties' briefs, we agree that Mr.

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Warren's complaint was time barred as he did not exhaust his administrative remedies by timely pursuing his administrative complaint, *see* 29 C.F.R. §§ 1614.105, 1614.106; *Jensen v. Henderson*, 315 F.3d 854, 859 (8th Cir.2002), and thus he was not entitled to entry of default, *see* Fed. R.Civ.P. 55(e) (no judgment by default shall be entered against United States agency unless claimant establishes claim or right to relief by evidence satisfactory to court). Accordingly, we affirm. *See* 8th Cir. R. 47B.